UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAROLE VEST                                    CIVIL ACTION

VERSUS                                         NO. 07-3827

JIM WALTER HOMES OF                            SECTION: "C" (4)
LOUISIANA, INC., ET AL

## ORDER

The Court previously ordered briefing on whether the jurisdiction amount existed at the time of removal (Rec. Doc. 4). The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is

facially apparent that the claims are likely above the jurisdictional minimum; or (2)

setting forth the facts in controversy that support a finding of the jurisdictional

minimum.  *Id.*  It is the recognized burden of the party invoking jurisdiction "both to

allege with sufficient particularity the facts creating jurisdiction, in view of the nature of

the right asserted, and, if appropriately challenged, or if inquiry be made by the court of

its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*,

303 U.S. 283, 287, fn. 10 (1938) (*citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189

(1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459

U.S. 1107 (1983).

In response to the Court's order (Rec. Doc. 3), defendant, Wachovia Bank National

Association, filed memorandum in which it noted that the plaintiff, Carole Vest ("Vest")

has executed a binding stipulation in which she declared that her damages do not exceed

$75,000, exclusive of attorneys fees and costs.  *See* Rec. Doc. 9.  Vest also stipulated that

she would not seek to enforce any judgment over $75,000, exclusive of attorneys fees and

costs.  This shows that the jurisdictional minium is not met.

Thus, based on the record and the law, the Court finds that it does not have

subject matter jurisdiction to hear this case.  In addition, the Court is mindful that

removal jurisdiction is strictly construed.  *See*: *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S.

2

100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293

(5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*,

§3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright,

A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is **REMANDED** to the 21st Judicial

District Court for the Parish of Tangipahoa, State of Louisiana for lack of jurisdiction

under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 20th day of August, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE